

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ALLAN WATSON,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY,<br>et al.,<br><br>Defendants. | Civil Action No.: 1:22cv145 LG-RHWR |

**DEFENDANT LOCKHEED MARTIN CORPORATION'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1442(a)**
**(FEDERAL OFFICER)**

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Lockheed Martin Corporation ("Lockheed Martin") hereby gives notice of the removal of the above-entitled action from the Circuit Court of Jackson County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division pursuant to 28 U.S.C. § 1442(a). In support, Lockheed Martin offers the following:

**I.    Procedural History**

1.    On or about May 13, 2022, Plaintiff Allan Watson served Lockheed Martin with a Complaint filed in the Circuit Court of Jackson County, Mississippi, entitled *Allan Watson v. 3M Company, et al.*, Case No. 2022-003.AS ("Complaint"). The Complaint names multiple defendants, including Lockheed Martin, and alleges various causes of action, including strict products liability and negligence. The Complaint alleges, in part, that Plaintiff "was exposed to asbestos during his service in the United States Navy on the USS Saratoga (CVA-60) as an

Aviation Electronics Technician from approximately 1960 to 1964." (Complaint, ¶ 122(e).) As to Lockheed Martin, Plaintiff alleges that Lockheed Martin "developed, manufactured, marketed, distributed and/or sold asbestos-containing Martin Marietta Electronic Missile Systems" to which Plaintiff allegedly was exposed. (Complaint, ¶ 65.) A true and correct copy of Plaintiff's Summons and Complaint are attached hereto as **Exhibit 1**.

2. At all times, including Plaintiff's alleged service in the United States Navy, any and all missile systems supplied by Lockheed Martin to the United States Navy were manufactured for the United States military in accordance with detailed specifications approved by the United States government and under the direct supervision, control, orders, and directives of a federal officer acting under color of federal office.

3. This Notice of Removal is being filed within 30 days of the time Lockheed Martin first received notice, via Plaintiff's Complaint served on or about May 13, 2022, of the grounds for removal of this case. Accordingly, this removal is filed within the time-period prescribed by law. *See* 28 U.S.C. § 1446(b).

## II.   Federal Officer Removal Is Appropriate Under 28 U.S.C. §1442(a)

4. Removal is proper under 28 U.S.C. § 1442(a) when the defendant seeking removal (1) is a person within the meaning of the statute, (2) acted pursuant to a federal officer's or agency's directions, (3) has asserted a colorable federal defense, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

5. Lockheed Martin is a "person" within the meaning of 28 U.S.C. § 1442(a). *See Latiolais,* 951 F.3d at 291.

6. Plaintiff's claims against Lockheed Martin are based, in whole or in part, on Mr. Watson's alleged exposure to asbestos while working on or around Lockheed Martin-manufactured missile systems during his service in the United States Navy from approximately 1960 to 1964. To the extent that the design or manufacture of such missile systems included asbestos-containing components, the United States government approved reasonably precise

specifications for such components. The United States government also approved reasonably precise specifications as to the existence and content of warnings associated with any such missile systems. Any decision regarding asbestos in such missiles or the component parts thereof was under the full control and discretion of the United States government. The United States government, likewise, controlled the content of written materials and warnings associated with such missiles.

7.     Lockheed Martin is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *see also Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). *Yearsley* established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government function. *Id.* Here, the *Yearsley* doctrine is satisfied because the missile systems assembled by Lockheed Martin were produced and sold pursuant to validly-conferred authority and Lockheed Martin's conduct was within the bounds of that authority. Indeed, if the government had manufactured such missiles itself, it would be immune from suit; that immunity is extended to Lockheed Martin, which, by virtue of its contractually conferred authority, stepped into the government's shoes.

8.     Lockheed Martin also is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the separate and independent government contractor federal defense. *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). *Boyle* establishes that a government contractor is not liable for injuries caused by design defects in equipment when the contractor builds such equipment according to reasonably precise government-approved design specifications. The government contractor defense also applies to a contractor's alleged failure to warn. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014); *see also Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995). The government contractor defense is satisfied here because (a) the specifications for the design of the missile systems allegedly at issue, and all warnings and written materials associated with such missiles, were controlled and approved by the United States

3

government, (b) the missiles conformed to such specifications, and (c) Lockheed Martin did not fail to warn the government of any dangers known to Lockheed Martin and unknown to the government.

### III. Procedural Compliance

9. Lockheed Martin satisfies the requirements for removal under 28 U.S.C. § 1442(a) and, therefore, is entitled to remove this entire action. Joinder of the other defendants in this action is not necessary to remove under 28 U.S.C. §1442(a). *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F. 2d 1310, 1314-1315 (9th Cir. 1981).

10. Lockheed Martin will give notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

11. In accordance with 28 U.S.C. § 1446(a) and Rule L.U. Civ. R. 5(b), Lockheed Martin will file with this Court a copy of the entire state court record within fourteen days from the date of removal.

### IV. Conclusion

12. Removal of this action is proper under 28 U.S.C. § 1442. Plaintiff's Complaint is a civil action brought in state court and this Court has original jurisdiction over the subject matter under 28 U.S.C. §1442(a)(1) because Lockheed Martin was acting as an officer or agent of the United States.

**WHEREFORE**, Lockheed Martin requests that this action proceed in this Court as a properly-removed action.

Respectfully submitted, this the 10th day of June, 2022.

                        LOCKHEED MARTIN CORPORATION, *Defendant*

By: *\[signature\]*

                        Robert W. Wilkinson (MS Bar No. 7215)
                        Will R. Norman (MS Bar No. 105713)
                        WILKINSON, WILLIAMS, BOSIO & SESSOMS, PLLC
                        734 Delmas Avenue (39567)
                        Post Office Box 1618
                        Pascagoula, MS 39568-1618
                        (228) 762-2272 telephone
                        (228) 762-3223 facsimile
                        rwilkinson@wwbslaw.com
                        wnorman@wwbslaw.com