UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROBIN A. WEBB, et al.                                                                              PLAINTIFFS

V.                                        CIVIL ACTION NO. 1:22-CV-145-KHJ-MTP

BALDOR ELECTRIC COMPANY, et al.                                              DEFENDANTS

ORDER

Before the Court is Defendant Walmart, Inc.'s [723] Motion for Summary Judgment. The Court denies the motion without prejudice.[1]

I.     Background

The Court has described this case's background in prior Orders. *See, e.g.*, [326] at 1–3. As relevant here, Plaintiffs allege that the decedent used Walmart's Equate talcum powder from 2000 to 2021. *See* Walmart's Mem. Supp. Mot. Summ. J. [724] at 2. That powder, Plaintiffs allege, contained asbestos. *See id.* at 1–2.

Walmart moved for summary judgment based on innocent-seller immunity. *Id.* at 5–6. The Mississippi Products Liability Act provides for that immunity:

---

[1] The Court also denies Plaintiffs' [743] Motion to Seal. Once again, Plaintiffs failed to submit the "document[s]" they wish to seal, explain "why sealing is necessary" with "[r]eferences to governing case law," submit a proposed order that "recite[s] the findings required by governing case law to support the proposed sealing," and so forth. *See* L.U. Civ. R. 79(e); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–21 (5th Cir. 2021) (surveying governing case law).

The Court finds as moot Walmart's [750] Motion to Strike and Plaintiffs' [759] Motion for Leave to Respond Out of Time. The Court did not consider Plaintiffs' untimely memorandum—or evidence—in denying summary judgment.

The Court denies Plaintiffs' [762] Motion for Leave to File Sur-Reply.

> In any action alleging that a product is defective . . . , the seller or designer of a product other than the manufacturer shall not be liable unless the seller or designer exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller or designer altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller or designer had actual or constructive knowledge of the defective condition of the product at the time he supplied the product.

Miss. Code Ann. § 11-1-63(h).

But Walmart's motion offered no evidence establishing innocent-seller immunity. *See* [723]; [724]. Instead, Walmart submitted that it could "simply 'point[] to an absence of evidence to support the nonmoving party's case.'" [724] at 4 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005)); *see also id.* at 1, 6 (arguing that "Plaintiffs have no evidence" showing that Walmart was *not* an "innocent seller").

Walmart's reply changed tack. It attached an eight-paragraph affidavit, which purported to establish Walmart's innocent-seller immunity. *See* Walmart's Reply [752] at 3, 5; Kremers Aff. [752-1].

II. Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the movant also carries the burden of proof at trial, as when [it] asserts an affirmative defense, [its] burden is even higher." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021). In that case, the movant must "establish beyond peradventure *all* of the essential elements of the

2

claim or defense." *Id.* (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "For a defendant, this means showing that the record cannot support a win for the plaintiff . . . because the defendant has insurmountable proof on its affirmative defense." *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020). "Only if the movant succeeds must the nonmovant 'designate specific facts showing that there is a genuine issue for trial.'" *Guzman*, 18 F.4th at 160 (citation omitted).

III.   Analysis

Walmart moves for summary judgment based on an affirmative defense. It fails to meet its burden. So the Court denies the motion without prejudice.

"[T]he innocent-seller provision is an affirmative defense." *Hinton v. Sportsman's Guide, Inc.*, 285 So. 3d 142, 149 (Miss. 2019). To prevail on summary judgment, then, Walmart must establish beyond peradventure *all* of the affirmative defense's essential elements. *Guzman*, 18 F.4th at 160.

Walmart fails to carry that burden. Indeed, Walmart's motion offered no evidence establishing *any* essential element. *See* [723]; [724]. And for two reasons, Walmart's reply-stage affidavit fails to carry its burden.

For one, the Court declines to consider Walmart's belated evidence. To be sure, the Court "may" consider "arguments and evidence presented for the first time in a reply." *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). But if the Court does so, it must first "give[] the nonmovant an adequate opportunity to respond." *Id.* The Court sees no reason to go down that road here. Walmart offers no

3

explanation for initially (1) misstating its summary-judgment burden or (2) failing to submit any affirmative evidence supporting its affirmative defense. *See* [723]; [724]; [752].[2] That, coupled with unusually protracted motion practice,[3] persuades the Court not to indulge Walmart's belated attempt to carry its burden. For that reason alone, summary judgment is improper.

Separately, even if the Court considered it, Walmart's affidavit would fail to carry its burden. That affidavit does not establish beyond peradventure that Walmart lacked "actual or constructive knowledge of the defective condition of the product at the time [it] supplied the product." Miss. Code Ann. § 11-1-63(h). Walmart's affidavit does not outright disclaim "actual or constructive knowledge." *Compare Dickens*, 2020 WL 12918215, at *2, *with* [752-1] ¶¶ 1, 6. Rather, it states:

> This Affidavit is . . . based on my personal knowledge, review of records kept in the ordinary course of business and recollection of the facts contained below.
>
> Walmart has no record or evidence that any Equate body powder at issue in this matter was contaminated with asbestos.

---

[2] In fact, Walmart's own authority stated that "the innocent seller exemption is an affirmative defense," and it discussed the defendant's "supporting affidavit" that satisfied each essential element. *See Dickens v. A-1 Auto Parts & Repair Inc.*, No. 1:18-CV-162, 2020 WL 12918215, at *1–2 (S.D. Miss. May 20, 2020) (cited at [724] at 5–6).

[3] The parties submitted more than a dozen filings related to a single summary-judgment motion. *See* [723]; [724]; Pls.' Resp. [733]; Walmart's Mot. to Excuse Attendance [738]; Pls.' Mot. to Seal [739]; Pls.' Resp. to Mot. to Excuse Attendance [741]; Notice of Pls.' Mot. to File Under Seal [742]; [743]; Pls.' Mem. Supp. Mot. to Seal [745]; Pls.' Mem. Opp'n Summ. J. [746]; Pls.' Suppl. Mem. Supp. Mot. to Seal [749]; [750]; Walmart's Mem. Supp. Mot. to Strike [751]; [752]; [759]; Pls.' Mem. Supp. Mot. for Leave to Respond Out of Time [760]; [762]. Walmart offers no reason to draw out this motion practice. And the Court finds none.

[752-1] ¶¶ 1, 6. But the affidavit raises several questions. How long has the affiant worked at Walmart, thus permitting her to testify from "personal knowledge" or "recollection"? *See id.* ¶¶ 1–3. Has Walmart kept all relevant "record[s] or evidence" from 2000 to 2021 in the "ordinary course of business"? *See id.* ¶¶ 1, 6; [724] at 2. And what does the affiant mean when she discusses the "Equate body powder *at issue in this matter*"? *See* [752-1] ¶ 6 (emphasis added). It is unclear whether that refers to (1) all Equate body powder, (2) the type of Equate body powder that the decedent used, or (3) the specific bottles of Equate body powder that the decedent used. *See id.* Given these uncertainties, Walmart has not established the actual-or-constructive-knowledge element "beyond peradventure." *Guzman*, 18 F.4th at 160 (quoting *Fontenot*, 780 F.2d at 1194). That, too, requires the Court to deny summary judgment.

If it wishes, Walmart may file another motion for summary judgment. In that event, the Court expects both sides to correct the errors committed in this round of motion practice.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES without prejudice Walmart's [723] Motion for Summary Judgment; DENIES Plaintiffs' [743] Motion to Seal and Plaintiffs' [762] Motion for Leave to File Sur-Reply; and FINDS AS MOOT Walmart's [750] Motion to Strike and Plaintiffs' [759] Motion for Leave to Respond Out of Time.

SO ORDERED, this 21st day of August, 2024.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE